# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ALACRITECH, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:16-cv-00695-RWS-RSP |
| § | (MEMBER CASE) |
| DELL INC., § | |
| § | |
| *Defendant*, § | |
| § | |
| and § | |
| § | |
| INTEL CORPORATION, et al., § | |
| § | |
| *Intervenors*. § | |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment of No Invalidity in View of the Connery System, Intel Zero Copy, Whetten, and SMB Technical Standard. Docket No. 605. This motion is fully briefed. Docket Nos. 605, 642, 644, 678, 708, 710. The case was referred to United States Magistrate Judge Roy S. Payne in accordance with 28 U.S.C. § 636. The Magistrate Judge issued a report recommending that this motion be denied. Docket No. 848. Plaintiff objected to the report's recommendations. Docket No. 872. Defendants responded to those objections. Docket No. 888. For the reasons given below, Plaintiff's objections are **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's report and recommendations.

**I.     BACKGROUND**

Plaintiff filed suit against Dell, on June 30, 2016. No. 2:16-cv-695, Docket No. 1. Plaintiff alleged certain of Dell's servers, storage devices, network adapters, network controllers, other network interface devices, and converged products indirectly and directly infringed U.S. Patent

Nos. 7,124,205; 7,237,036; 7,337,241; 7,673,072; 7,945,699; 8,131,880; 8,805,948; and 9,055,104. *Id.* ¶¶ 4, 6, 28, This action proceeded through discovery and was then stayed pending *inter partes* review ("IPR") proceedings and subsequent appeals to the Federal Circuit. Docket Nos. 451, 482. After the stay was lifted, only U.S. Patent Nos. 7,124,205, 8,131,880, and 8,805,948 (collectively, "the Asserted Patents") remained. *See, e.g.*, Docket No. 514 at 4. Trial is now imminent. *See e.g.*, Docket No. 599.

In anticipation of trial, Plaintiff filed a Motion for Summary Judgment of No Invalidity that addresses four references: the Connery System, the Intel Zero Copy System, the Whetten reference, and the SMB Technical Standard. Docket No. 605. Dell and Intel ("Defendants") eventually withdrew their defenses related to the Intel Zero Copy and Connery Systems. *See* Docket Nos. 708, 834. The Magistrate Judge issued a report recommending that Plaintiff's motion be denied for the Whetten and SMB Technical Standard references. Docket No. 848 at 4–6. The Magistrate Judge also recommended the motion be denied as moot as to the Intel Zero Copy and Connery systems because Defendants withdrew these systems as invalidity defenses. *Id.* at 4. Plaintiff timely filed objections. Docket No. 872.

## II. LEGAL STANDARD

Summary judgment exists, in part, "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). A court may grant summary judgment when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also*, *Celotex Corp.*, 477 U.S. at 327. A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. ANALYSIS

Plaintiff's objections address two alleged errors in the Magistrate Judge's report. Docket No. 872. First, Plaintiff argues that there is no genuine dispute "that Defendants failed to provide any admissible, much less clear and convincing, evidence to establish the public availability of the SMB Technical Standard." *Id.* at 2. Plaintiff then argues the report erred by mooting Plaintiff's motion as to the Connery and Intel Zero Copy systems because "Defendants still intend to rely on those system references at trial." The Court addresses each argument in turn.

### A. There is a Genuine Dispute of Material Fact as to the Public Availability of the SMB Technical Standard

Plaintiff argues the report erred by considering inadmissible hearsay when determining whether there is sufficient evidence to create a genuine dispute of material fact as to the public availability of the SMB Technical Standard. Docket No. 872 at 2–3. Specifically, Plaintiff argues that Dr. Wicker's reliance on the Rampersad letter, the Open Group declaration,[1] and the copyright information itself is improper because these materials are hearsay. *See generally id.* Plaintiff further argues that the production of the Open Group declaration was untimely and that it did not have the opportunity to depose Schlachterman, the Open Group declarant, because the IPR proceedings were terminated. *Id.* at 3.

First, Plaintiff fails to persuasively argue that Defendants' reliance on the Open Group declaration is prejudicial. Defendants argue the Open Group declaration was produced more than 5 years ago.[2] Docket No. 708 at 8. Defendants also argue that even if there was late disclosure, it

---

[1] Plaintiff calls this declaration the Schlachterman declaration. *See generally* Docket No. 872 (citing Docket No. 642-5).

[2] Defendants' response to the objection alleges the declaration was made almost 6 years ago. Docket No. 888 at 4.

was harmless because Plaintiff was aware of the Open Group declaration due to its use in the IPR proceedings. Docket No. 710 at 9 (*Textron Innovations Inc. v. SJ DJI Tech. Co.*, No. W-21-CV-00740-ADA, 2023 WL 3681712, at *2-3 (W.D. Tex. Mar. 29, 2023)). Plaintiff admits it was aware of the Open Group declaration due to its use during the IPR proceedings. *See* Docket No. 872 at 3.

Second, the parties dispute whether the Rampersad letter, the Open Group declaration, and the SMB Technical Standard itself are inadmissible hearsay. For example, Defendants argue that the Open Group declaration is subject to the unavailable witness hearsay exception because it was submitted as testimony in the IPR proceeding and Plaintiff chose to forgo cross-examination. *See*, *e.g.*, Docket No. 710 at n.4. Defendants also argue that the Rampersad letter, "which forms part of the patent's own prosecution history," qualifies under the residual exception of Federal Rule of Evidence 807. Docket Nos. 642 at 12, 888 at 3. Defendants also argue that Dr. Wicker may rely on inadmissible hearsay if it is the type of evidence that is reasonably relied upon by experts in informing their opinions. *See* Docket No. 642 at 12 (citing *Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 739 (5th Cir. 2020)). At this stage of the proceeding, Defendants persuasively argue there is sufficient evidence to create a genuine dispute of material fact as to the public availability of the SMB Technical Standard. The Court notes, however, that at trial Defendants must establish that this evidence is admissible under a hearsay exception.

Finally, Plaintiff argues the report erred by considering the copyright date disclosed on the SMB Technical Standard as circumstantial evidence of public availability. Docket No. 872 at 4. Plaintiff argues that precedent supports its position that a copyright alone may not establish a genuine dispute of material fact as to public availability. *Id.* (citing *Textron Innovations Inc. v. SJ DJI Tech. Co.*, No. W-21-CV-00740-ADA, 2023 WL 3681712, at *3 (W.D. Tex. Mar. 29, 2023),

*report and recommendation adopted sub nom. Textron Innovations Inc. v. SZ DJI Tech. Co.*, No. 6:21-CV-00740-ADA, 2023 WL 4084509 (W.D. Tex. June 20, 2023)). But the Federal Circuit has considered copyright dates as circumstantial evidence of public availability, especially when that copyright date is disclosed by a publisher, with an ISBN number. *See VidStream LLC v. Twitter, Inc.*, 981 F.3d 1060, 1066 (Fed. Cir. 2020) (noting additional evidence from the Copyright Office had also been introduced); *see also Nobel Biocare Servs. AG v. Instradent USA, Inc.*, 903 F.3d 1365, 1376 (Fed. Cir. 2018), *as amended* (Sept. 20, 2018) (considering the "March 2003" date on the cover of the reference as "relevant evidence . . . . of public accessibility).

Here the SMB Technical Standard not only discloses a copyright date, it also discloses an ISBN number and states it was published by a specific company—X/Open Company Ltd., U.K. Docket No. 605-38 at 2. Defendants' expert relied on the Rampersad Letter (Docket No. 605-39), a declaration from the Open Group, L.L.C. (Docket No. 642-5), and this copyright date to establish public availability (Docket No. 605-38 at 2). Docket No. 642 at 6. Dell also argues that the IPR proceeding was instituted after Intel "made a sufficient threshold showing" about the public availability of the SMB Technical Standard based on the Open Group declaration. Docket No. 644 at 11 (citing 644-7,[3] 644-8). Accordingly, Defendants persuasively argue this is relevant circumstantial evidence as to public availability.

For these reasons, Plaintiff's objections are **OVERRULED**.

---

[3] The Rampersad letter states the SMB Technical Reference "was receipted and catalogued by The British library on the 29th of October 1992 and would have been available for public use from that date" but instructs Defendants to contact the publisher for the actual date of publication. Docket No. 644-7 at 2.

### B. Plaintiff's Objections as to the Connery System and Intel Zero Copy System are Moot

As Plaintiff admits, Dell and Intel agreed not to rely on the Connery and Intel Zero Copy as prior art. *See e.g.*, Docket No. 872 at 4–6. But Plaintiff objects to the report's recommendation that Plaintiff's motion for summary judgment be denied as moot with respect to these systems. *Id.* Plaintiff argues this will allow Dell and Intel to "backdoor" these systems into trial as prior art. *Id.* at 5–6. Plaintiff asks that Dell and Intel be prohibited from referencing the Connery and Intel Zero systems. *Id.* Plaintiff seeks further relief and asks that Dell and Intel be prohibited from using these systems to show the state-of-the-art or demonstrate Defendants' independent development of technology at trial. *Id.* at 6.

The Court has conducted a *de novo* review of the record. This review of the record shows that Plaintiff's objections are moot given Defendants' representations and the Court's extensive guidance as to how Defendants may use the Connery and Zero Copy systems. For clarity of the record, the Court summarizes Defendants' representations, as well as the Court's guidance, here. First, as discussed at the pretrial conferences, and the Court's order concerning Plaintiff's second motion *in limine*, Plaintiff's sought relief is overbroad. Docket No. 876 at 2. Defendants have unequivocally asserted that they will not rely on these systems as prior art. *See e.g.*, Docket No. 848 at 117:17–118:22; *see also* Docket Nos. 708 at 5–6, 834.[4] And the Magistrate Judge's report, as well as discussions during the pretrial conferences, have made clear that the Court will hold Defendants to that representation. If Defendants assert, or imply, that the Intel Zero Copy system

---

[4] The Court notes that Dell's response and sur-reply kept the issue of the Connery system live. *See e.g.*, Docket Nos. 644, 710. Dell's subsequent withdrawal of these filings, and joinder of Intel's response and sur-reply, render Plaintiff's objections moot because Dell's joinder results in the affirmative withdrawal of Intel Zero Copy and the Connery systems as prior art in support of an invalidity defense.

Page **6** of **8**

comprises prior art, Plaintiff should object. Docket No. 876 at 2. Similarly, if Defendants imply or assert that other dropped invalidity defenses, such as the Connery system, are prior art, Plaintiff should object. *See id.*; *see also* Docket No. 796 at 2 (Agreed MIL #1). As discussed in the Court's order adopting the Magistrate Judge's report recommending Plaintiff Alacritech's Partial Motion for Summary Judgment of No Invalidity in View of IPR Estoppel (Docket No. 607) be denied as moot as to these references, the Court understands that Intel and Dell are no longer asserting these references as prior art. Docket No. 887 at 4–5.

Moreover, Plaintiff re-raised its concerns about Defendants using their development story as a "backdoor" for introducing dropped prior art at the October 10, 2023 pretrial conference in reference to their "Bucket 2" objections. *See* Docket No. 879.[5] Defendants again reiterated that they would not use these systems, or other Intel materials, to suggest that the patents are invalid. Instead, Defendants explained how such systems are critical to understanding Defendants' independent development of the accused technology, which is relevant to the willfulness allegations. Defendants also agreed to have a categorical limiting instruction that instructs the jury that they may not consider the Intel materials used to show independent development, which the Court understands to include these systems, as invalidating prior art. The Court believes that Defendants should be able to present a story of their independent development to address the allegations of willfulness. To the extent these systems were used during Defendants' independent development, Defendants' presentation of evidence related to these systems is relevant.[6]

---

[5] At the time of this order, the final transcript of the October 10, 2023 pretrial conference is incomplete. Accordingly, the Court reviewed the rough transcript.

[6] The Court expects that Defendants' presentation of evidence related to these references will be relatively high level. If Plaintiff believes the discussion of these references is becoming too distracting, it should ask for a sidebar.

Accordingly, the Court overruled Defendants' objections to these exhibits and directed the parties to work together to propose language for the limiting instruction.[7]

The record is clear that the Court's orders prohibit Defendants from using either the Connery or Intel Zero Copy systems to "backdoor" prior art. The report was correct, and Plaintiff's objections as to the Connery and Intel Zero Copy systems are moot. Accordingly, Plaintiff's objections are **OVERRULED**.

## IV.     CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket No. 872) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 848) is **ADOPTED** as the opinion of the District Court.

**So ORDERED and SIGNED this 13th day of October, 2023.**

                                                                       ROBERT W. SCHROEDER III
                                                                       UNITED STATES DISTRICT JUDGE

---

[7] Defendants propose a stipulation with the following language: "Intel is not arguing in this case that any Intel products, prototypes, or documents render invalid any of the Asserted Claims of the Asserted Patents." Docket No. 888 at 7. It is unclear from Defendants' briefing whether Plaintiff has agreed to the language of this stipulation. The Court expects the parties to meet and confer to reach agreed language for both a stipulation, and a limiting instruction, addressing this issue.