**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ALACRITECH, INC., <br><br>　　　　　*Plaintiff*, <br><br>　v. <br><br>DELL INC., <br><br>　　　　　*Defendants*, <br><br>and <br><br>INTEL CORPORATION, *et al.*, <br><br>　　　　　*Intervenors*. | 2:16-cv-00695-RWS-RSP <br><br> JURY TRIAL DEMANDED |

## ALACRITECH'S NOTICE OF MORNING DISPUTE FOR OCTOBER 19, 2023

I. **Improper Reference To "Toe Patents" In Violation Of Mil #4 And Request For Curative Instruction**

At the Pretrial Hearing held before the Honorable Roy S. Payne, Defendants' counsel "committed" to Alacritech and the Court that it would ***not*** call or otherwise label the asserted patents "stateful patents" or "TOE patents," acknowledging that would be inappropriate:

> **[W]e do not intend to go to trial before the jury and say these are the stateful patents, and label them, these are the stateful patents**… **We don't think that's appropriate to try to do that in that way**…. **We're not going to try to shortcut it by giving the patents a label and then saying we don't infringe the label**.
>
> …
>
> **[W]e'll commit that we won't do that with this term 'stateful,' nor will we call them the TOE patents.**

Ex. A (9/28 Pretrial Hearing Tr.) at 128:24-129:9, 130:13-15.  Based on this representation, the this Court denied Alacritech's MIL No. 4 To Preclude Evidence Or Argument Characterizing The Asserted Patents As Covering Or Claiming Only Stateful Offloads Such As TOE.

Defendants have now violated that commitment—***multiple times***.  For example, in his questioning of Alacritech's damages expert, Mr. Gunderson, Dell's counsel referred to the asserted patents as "TOE patents that they now claim are RSC": "Q. And then he recites these alleged **TOE patents that they now claim are RSC**, correct? He recites a clause from them, fair? A. He's reciting a clause. I don't know about all the rest of the stuff you said." Ex. B (10/18 Rough Trial Tr.) at 643:4-8 (emphasis added).  Similarly, Intel's counsel has also asked questions referring to the "TOE patents… here in this case."  Ex. C (10/17 Trial Tr.) at 366:16-20 (emphasis added). Moreover, Intel's corporate representative, Mr. Labatte, repeatedly testified that "I understand those three [asserted] patents **are TCP Offload patents**." *Id*. at 740:23-741:2 (emphasis added); *see also id*. at 789:15-21 ("**this was the '205 patent** that you highlighted that was in 2006. And, **again, I just need to clarify that to me, that's TCP Offload**.") (emphasis added).

1

Alacritech respectfully requests that the Court provide the following curative instruction in light of the repeated improper arguments:

> "You may have heard the patents asserted in this case (the '205, '880, and '948 patents) referred to as 'TOE patents'. That is not the name of these patents and it is up to you, the jury, to decide the scope of the patents, including whether they cover the accused Receive Side Coalescing feature. Please remember that the only correct comparison is between the accused products and the language of the claim itself. You should not compare the accused product with any other specific example set out in the patents in reaching your decision on infringement."

The proposed instruction is consistent with instruction this District has provided in the past. *See, e.g.*, *Personalized Media Commc'ns v. Google*, Case No. 2:19-cv-00090-JRG, Trial Tr. at 945:12-20 (E.D. Tex.); *id*. at 951:3-12 (same). Alacritech also requests that the Court preclude Defendants from further arguing or eliciting testimony that labels the asserted patents as "TOE patents."

## II.     Document Cited In Dr. Jones's Demonstratives Should Be Excluded

Alacritech objects to the inclusion of the document Bates-stamped DELL_ALACRITECH_N-00008 in the demonstrative of Dr. Jones, Dell's non-infringement expert (Ex. D), as it is a document that is not pre-admitted and is hearsay as to Dell, nor has any foundation for the document been laid by any Dell witness (nor can it, as Dell's sole fact witness is already off the stand). Indeed, Dell withdrew this document as a proposed exhibit during the meet and confers leading up to the parties' pre-trial conferences. They should not be able to backdoor it in now as a "demonstrative." During tonight's meet and confer, Dell stated that they intended to use the exhibit as a demonstrative, but the document is clearly an evidentiary document produced by Dell—not a demonstrative generated by an expert—and is being published to the jury as evidence, not to make an illustrative point. Therefore, the Court should preclude Dr. Jones from relying on the document Bates-stamped DELL_ALACRITECH_N-00008 in his demonstrative.

| | |
|---|---|
| Dated:  October 18, 2023 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

/s/ Brian E. Mack
Joe Paunovich
*joepaunovich@quinnemanuel.com*
California State Bar No. 228222
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Brian E. Mack
*brianmack@quinnemanuel.com*
California State Bar No. 275086
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:  (415) 875-6600
Facsimile:  (415) 875-6700

T. John Ward, Jr.
Texas State Bar No. 00794818
*jw@wsfirm.com*
Claire Abernathy Henry
Texas State Bar No. 24053063
*claire@wsfirm.com*
WARD & SMITH LAW FIRM
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323

*Attorneys for Plaintiff Alacritech, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with notice of the filing of this sealed document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on October 18, 2023, and a copy of this sealed document, in its entirety, via electronic mail. All counsel who are not deemed to have consented to electronic service are being served by U.S. first-class mail.

                                              */s/ Brian E. Mack*
                                              Brian E. Mack

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order entered in this case.

                                              */s/ Brian E. Mack*
                                              Brian E. Mack